Filed 10/24/23  P. v. Woods CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D081740 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FSB054315) |
| RICKY WOODS, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Bernardino, Annemarie Pace, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Paige B. Hazard and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

Ricky Woods appeals from an order denying his petition for resentencing on a 2011 conviction for voluntary manslaughter after an

evidentiary hearing under Penal Code section 1172.6, subdivision (d).[1] Woods argues that: (1) there is insufficient evidence to support the trial court's implicit finding that he is guilty of murder beyond a reasonable doubt under current law; and (2) the trial court applied the wrong standard in denying his petition. We find no reversible error and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Woods and co-defendant Dennis Reed were charged by information in San Bernardino County with the murder of Jamal H. (§ 187, subd. (a)) and shooting at an occupied motor vehicle (§ 246). The information further alleged that each defendant personally used and discharged a firearm proximately causing great bodily injury and death to Jamal H. (§ 12022.53, subds. (b)-(d).)

For reasons we will discuss in our analysis of the issues raised by Woods, we have no proper record of the underlying facts of the crimes.

After a joint trial in 2010, a jury found Reed guilty of both counts and the firearm use allegations and found the murder to be in the first degree. However, the jury was unable to reach a verdict as to Woods. As to Woods, the jury hung 10-2 in favor of guilt and the court declared a mistrial. Reed unsuccessfully appealed his conviction. (*People v. Reed* (Apr. 20, 2022, E052504) [nonpub. opn.].)

In December 2011, Woods pled no contest to voluntary manslaughter (§ 192, subd. (a)) with personal use of a firearm (§ 12022.5, subd. (a)(1)) and

---

[1] Woods brought his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58, § 10, (Assem. Bill No. 200).) We refer to the subject statute by its current number throughout this opinion. All further statutory references are to the Penal Code.

assault by means of force likely to cause great bodily injury (former § 245, subd. (a)(1)). He entered his plea without admitting to any factual basis under *People v. West* (1970) 3 Cal.3d 595. The plea included a stipulated term of 22 years in prison.

In February 2022, Woods filed a petition for resentencing under section 1172.6. The People opposed the petition.

The trial court appointed counsel for Woods and issued an order to show cause. On November 28, 2022, the court held an evidentiary hearing on the petition. After brief argument by defense counsel, the People submitted on the record of conviction and their opposition papers. Before ruling, the court noted that it had reviewed the entire record from co-defendant Reed's appeal (*People v. Reed, supra*, E052504), including the trial transcripts, as well as Woods's plea agreement. The trial transcripts are not part of the record in this appeal.

The court then denied the petition as follows:

> "I will find that the People have met their burden under the OSC and deny the 1170.95 or whatever it is called now. The record on appeal and the record of conviction indicates that the People did not rely on either felony[] murder or natural improbable [*sic*] consequences, which are the two. The only two theories that would make Mr. Woods eligible for resentencing.
>
> "The People proceeded on the theory that he was a direct aider and abettor as the driver of the vehicle. And I believe based on the conduct that was testified to that he – even if he did make a showing that the People relied on the theories allowing him to be resentenced, I think that his conduct alone would qualify under the theories that would still permit conviction, including direct aider and abettor, and that he acted with reckless indifference to human life and was a major factor or major participant in the underlying conduct and crime leading up to the murder.

3

"So I'm going to deny the 1170.95 petition and find that the People have met their burden."

DISCUSSION

I

Woods first argues there is insufficient evidence to support the trial court's implicit finding that he was guilty of murder beyond a reasonable doubt, resulting in a violation of his constitutional rights under the Sixth and Fourteenth Amendments of the United States Constitution and article I, section 15 of the California Constitution. We conclude that Woods has forfeited this claim by failing to furnish us with an adequate appellate record and failing to discuss the trial evidence the court relied on as the basis for its ruling.

Section 1172.6 provides retroactive relief for those previously convicted of murder who could have been found guilty under specified theories that have since been eliminated or narrowed as a result of changes in the law made by Senate Bill No. 1437 (2017-2018 Reg. Sess.). The qualifying theories are the felony murder rule, the natural and probable consequences doctrine, and any other theory under which malice is imputed to a person based solely on his participation in a crime. (§ 1172.6, subd. (a).)

Effective January 1, 2022, Senate Bill No. 775 (2020-2021 Reg. Sess.) expanded the law to include those who faced murder charges that would have allowed them to be convicted on one of these theories, but who were instead convicted of manslaughter "following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder." (§ 1172.6, subd. (a)(2).)

4

The section 1172.6 process begins with the filing of a petition with a declaration that all requirements for eligibility are met. (§ 1172.6, subds. (a) & (b); *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) If the petition is facially valid, the trial court is permitted to examine the record of conviction after appointing counsel to assess whether it conclusively refutes the petitioner's claim of eligibility. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–972 (*Lewis*).) Under section 1172.6, subdivision (c), the court may deny the petition at the prima facie stage if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law. (*Id*. at pp. 960, 971.) Otherwise, the court must issue an order to show cause and hold an evidentiary hearing under subdivision (d) to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner on any remaining counts. (*Id*. at p. 960.)

This appeal arises from the trial court's ruling after an evidentiary hearing under section 1172.6, subdivision (d). According to the minutes of the prior hearing, the court had already issued an order to show cause. Although the transcript of the prior hearing is not part of the record on appeal, the parties do not dispute that the trial court issued an order to show cause after expressly or impliedly finding that Woods made a prima facie case for relief under subdivision (c). Neither party argues that the court's ruling at the prima facie stage was erroneous. Thus, the only question before us is whether the trial court erred by denying relief at the evidentiary hearing.

For the evidentiary hearing, section 1172.6, subdivision (d)(3) now provides in relevant part:

> "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or

189 made effective January 1, 2019.  The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. . . .  The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens.  A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."

At this stage of a section 1172.6 proceeding, the trial court must act as an independent factfinder to determine whether the defendant is guilty of murder beyond a reasonable doubt under current law.  (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 123 (*Guiffreda*).)  The plain language of subdivision (d) allows the trial court to consider evidence and testimony admitted at a prior trial, so long as it would still "be admissible under current law."  (*People v. Cody* (2023) 92 Cal.App.5th 87, 104 (*Cody*).)  Subject to the parties' right to submit additional evidence, this procedure allows "trial judges to decide the critical factual questions based—at least in some cases—on a cold record."  (*People v. Clements* (2022) 75 Cal.App.5th 276, 297 (*Clements*).)

The trial court here explicitly stated that it had "review[ed] the entire record on appeal" from the joint trial of Reed and Woods, including "the trial transcript."  However, the trial transcripts are not part of the appellate record and are not cited in Woods's briefs.  In a footnote, the People suggest that it would be "appropriate for this Court to take judicial notice of the record" from Reed's direct appeal (which was litigated in a different division

6

of this court), but neither party has filed a motion for judicial notice of the transcripts or provided us with a copy of them.[2]

It is the appellant's burden to provide an adequate record to permit review of a claimed error, and failure to do so may be deemed a waiver of the issue on appeal. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296; *People v. Akins* (2005) 128 Cal.App.4th 1376, 1385.) We cannot evaluate Woods's claim of insufficient evidence without reviewing the trial transcripts the court relied on as the basis for its ruling, as expressly permitted by section 1172.6, subdivision (d)(3). Moreover, an appellant challenging the sufficiency of evidence must also fairly summarize the evidence, both favorable and unfavorable, and show how and why it is insufficient. (*Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 512.) In his briefs, Woods has not summarized any of the evidence from the trial transcripts submitted to the trial court for the evidentiary hearing. For these reasons, we conclude that Woods's sufficiency of evidence claim is forfeited.[3]

We nevertheless address several aspects of Woods's argument that raise issues of law. As part of his sufficiency claim, Woods appears to be

---

[2] The record on appeal does include a summary of the trial evidence contained in the prior appellate opinion deciding co-defendant Reed's direct appeal. At the section 1172.6, subdivision (d) evidentiary hearing, however, the court is only permitted to consider the procedural history stated in a prior appellate opinion, not the factual summary of trial evidence. (§ 1172.6, subd. (d)(3); *People v. Vance* (2023) 94 Cal.App.5th 154, 160–161 (*Vance*); *Clements*, *supra*, 75 Cal.App.5th at p. 292.)

[3] Because this issue is forfeited, we need not address Woods's subsidiary argument that in assessing the sufficiency of evidence, we should not consider his 2013 affidavit filed in support of co-defendant Reed's section 1172.6 petition, in which Woods stated that he was the sole perpetrator of the murder.

claiming that the trial court was only permitted to rely on facts conclusively found to be true at the prior trial and/or admitted as part of his plea. This argument misconstrues the statute, which explicitly allows the trial court to consider the evidence admitted at a prior trial, as well as any "new or additional evidence" submitted at the evidentiary hearing, to determine whether the petitioner is guilty of murder beyond a reasonable doubt under current law. (§ 1172.6, subd. (d)(3).) Although it is true that the trial court may not resolve factual disputes at the prima facie stage (*Lewis*, *supra*, 11 Cal.5th at pp. 971–972), it *must* act as an independent factfinder at the evidentiary hearing under subdivision (d). (*Cody*, *supra*, 92 Cal.App.5th at p. 110.) As an independent factfinder, the court is not confined to the findings already made by another factfinder or the facts admitted by the defendant. Rather, the court must independently review the record and any new evidence presented by the parties to "decide[] as a factual matter whether the petitioner committed murder under the current law." (*Clements*, *supra*, 75 Cal.App.5th at p. 297.)

To the extent Woods is claiming that this procedure violates his constitutional rights to due process and jury trial, we reject this argument as well. Woods was already convicted of voluntary manslaughter by his plea. "The Legislature, in an act of grace and mercy, has provided the section 1172.6 proceeding, which reduces guilt and punishment on terms that the Legislature is entitled to prescribe." (*Vance*, *supra*, 94 Cal.App.5th at p. 164.) "Under these circumstances, most of the federal constitutional protections that attend a criminal conviction do not apply." (*Ibid.* [citing cases].) "Because the authorization of retroactive relief . . . was an act of lenity, the Legislature was free to condition the availability of such relief on the convicted person prevailing at an evidentiary hearing conducted pursuant to

8

the nonjury procedure set forth in section [1172.6]." (*People v. James* (2021) 63 Cal.App.5th 604, 606, 610–611 [rejecting Sixth and Fourteenth Amendment challenges to the statutory procedure].)  Woods has identified no constitutional infirmity.

## II

Woods next argues that the trial court applied the wrong legal standard in denying his petition, because it did not find beyond a reasonable doubt that he had committed a murder as defined under current law.  We agree that the record is at least ambiguous on this point.  Even assuming any error, however, we conclude that Woods has failed to demonstrate prejudice.

As noted, at the evidentiary hearing under section 1172.6, subdivision (d), the trial court must act as an independent factfinder to determine whether the defendant is guilty of murder beyond a reasonable doubt under current law.  (*Guiffreda*, *supra*, 87 Cal.App.5th at p. 123; § 1172.6, subd. (d)(3).)  The court's role is not merely to decide whether substantial evidence supports a murder conviction—it is to act as the factfinder by resolving factual disputes and adjudicating the petitioner's guilt under current law.  (See *Strong*, *supra*, 13 Cal.5th at p. 720 ["a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing"]; § 1172.6, subd. (d) ["A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."].)

In the absence of evidence of the contrary, we ordinarily presume that the trial court knew and applied the correct statutory and case law.  (*People v. Thomas* (2011) 52 Cal.4th 336, 361.)  In this case, however, the transcript

9

of the trial court's oral ruling gives reason to doubt whether it applied the correct standard.

First, most of the trial court's ruling was devoted to a discussion of the theories of murder liability the prosecution pursued at the joint trial, which only resulted in a conviction of co-defendant Reed. The court noted that the People at trial did not rely on either the felony murder rule or the natural and probable consequences doctrine, which the court characterized as "[t]he only two theories that would make Mr. Woods eligible for resentencing." The court also noted that the People's theory at trial was that Woods was a direct aider and abettor, which is still a valid theory of murder liability.

Although the court's analysis of the prosecution's theories at trial might have been relevant at the prima facie stage if the jury had convicted Woods of murder, it had nothing to do with the question the court had to resolve at the evidentiary hearing—whether on the evidence presented it found Woods to be guilty beyond a reasonable doubt of murder under current law. (§ 1172.6, subd. (d)(3).) At the *prima facie stage*, a court may deny relief if the record of conviction conclusively establishes that the petitioner was convicted on a theory not affected by Senate Bill No. 1437. (See, e.g., *People v. Williams* (2022) 86 Cal.App.5th 1244, 1257–1258; *People v. Harden* (2022) 81 Cal.App.5th 45, 47–48, 59–60.) But Woods was not convicted of murder at the trial—and by the time of the evidentiary hearing, the trial court had already ruled that Woods established a prima facie case for relief by issuing an order to show cause at the prior hearing. The court's comments about the murder theories the prosecution pursued at trial suggest that it may have confused its role at the evidentiary hearing under subdivision (d) with its role at the prima facie stage under subdivision (c).

10

Second, the rest of the trial court's ruling was similarly ambiguous. The court stated "even if [Woods] did make a showing that the People relied on the theories allowing him to be resentenced, I think that his conduct alone *would qualify* under the theories that *would still permit conviction*, including direct aider and abettor . . . ." (Italics added.) At least one reasonable interpretation of this ruling is that the trial court merely found the evidence against Woods "would still permit conviction" by a jury or court. But this was not the question before the trial court at the evidentiary hearing. Rather, the proper question was whether the trial court independently assessing the evidence as a factfinder itself concluded that Woods was in fact guilty of murder beyond a reasonable doubt under current law. (§ 1172.6, subd. (d)(3).) Whatever its intentions, the trial court never made a clear finding to that effect.

We need not decide definitively whether the trial court applied the wrong standard. Even assuming it did, Woods has failed to demonstrate prejudice. Because section 1172.6 is solely a creature of state law providing retroactive ameliorative relief for those whose convictions are already final, a trial court's error in applying the wrong standard at the evidentiary hearing is a state law error subject to the *Watson* standard of prejudice. (*Vance*, *supra*, 94 Cal.App.5th at pp. 164–165; *People v. Watson* (1956) 46 Cal.2d 818, 836.) Under this standard, Woods "has the burden of showing that it is reasonably probable that, in the absence of the error, he . . . would have enjoyed a more favorable outcome." (*Vance*, at p. 158.)

Woods has not met his burden of showing prejudice under the *Watson* standard. Once again, he has not supplied us with either the trial transcripts submitted to the court for the evidentiary hearing or a proper statement of facts based on the trial evidence, "which we would need if we were going to

11

consider prejudice." (*Vance*, *supra*, 94 Cal.App.5th at p. 165.) We cannot find a reasonable probability of a different result without reviewing the evidence presented to the trial court for the evidentiary hearing. (See *People v. Beltran* (2013) 56 Cal.4th 935, 956 [appellate court applying *Watson* standard considers " 'whether the evidence . . . is so *relatively* strong, and the evidence supporting a different outcome is so *comparatively* weak, that there is no reasonable probability the error of which the defendant complains affected the result' "].) Even assuming any error, therefore, we conclude that Woods has failed to demonstrate prejudice.

## DISPOSITION

The order denying the petition is affirmed.


BUCHANAN, J.

WE CONCUR:


McCONNELL, P.J.


RUBIN, J.